*7 OPINION.
Teammell :
The petitioner takes the position that the facts in this case distinguish it from that line of cases which hold that the dividends declared on December 31 of one year and the checks then mailed but not received by the stockholder until the following year constitute taxable income in the year of distribution instead of in the year of receipt. See Effie B. Shearman, 26 B.T.A. 716; affirmed by the Circuit Court of Appeals for the Second Circuit, 66 Fed. (2d) 256; Franklin J. Matchette, 26 B.T.A. 909; Mary Miller Braxton, 22 B.T.A. 128. The petitioner does not attack the soundness of our decisions in those cases.
In this case, however, we are unable to draw the distinction contended for. It is not necessary that there be a formal declaration of dividends in order for a corporation to distribute its earnings. The distribution may be authorized by informal action and when so authorized and actually distributed the effect is the same as if the dividends had been declared and distributed as a result of formal action.
The formal action of the directors at a meeting January 27, 1931, ratified the action taken in an informal way authorizing the distribution on December 31, 1930. However, the informal action was sufficient to authorize the distribution and the distribution was actually made and has never been attacked.
The factors upon which the theory of constructive receipt is invoked existed at the end of 1930. We think therefore that the dividends should be taxable to the petitioner in 1930.
Reviewed by the Board.

Judgment will he entered under Rule 50.

Smith and Sea well dissent.